## COMMERCIAL BANK OF KEOKUK v. KING ET AL.

1. **Appeal:** ASSIGNMENT OF ERROR. An assignment of error, to the effect that the evidence fails to sustain the finding of the court, is not well taken when the abstract fails to state that all the evidence is presented to the court.

2. ——: CORPORATE POWER: PLEADING. The question of the corporate power of a party to an action cannot be first raised on appeal, but must be specially pleaded.

*Appeal from Polk Circuit Court.*

FRIDAY, OCTOBER 19.

ACTION on a promissory note. Judgment thereon having been rendered against the defendants they appeal.

*Clark & Connor*, for appellants.

*Finch & Sickmon*, for appellee. .

SEEVERS, J.—The defendant, King, executed his promissory note, payable to the order of Daugherty & Co., and the petition stated that the plaintiff was the owner of said note, and was a corporation created and existing under the laws of Iowa. The answer set up two defenses: 1. That plaintiff did not own said note, and did not purchase the same in good faith and for value before maturity; and 2. That the consideration of said note was certain intoxicating liquors sold by the payees of the note to said King.

The cause was tried by the court by whom there was a finding of facts as follows: "That the sole consideration of the note was intoxicating liquors sold by the payees to defendant, contrary to the laws of Iowa; but plaintiff is an innocent holder of said note for value and entitled to recover, if the plaintiff has the power to purchase or take said note under the evidence hereinafter set out, which is all the evidence on that point in the case."

I. The errors assigned are: "The court erred in finding, on the issues made, that the bank was an innocent holder of the note." As the abstract fails to state that all the evidence is before this court, we are unable to say whether this assignment of error is well taken or not. The only evidence before us relates to the single point as to the power of the plaintiff to purchase the note.

1. APPEAL: assignment of error.

II. It is assigned as error that "the court erred in holding that the bank had power to purchase the said note." This assignment raises the question as to the corporate power of the plaintiff, but no such issue is presented by the pleadings. Before such question can be raised it must be specially pleaded. Code, § 2717.

2. ——: corporate power: pleading.

III. It is lastly assigned as error that "the court erred in finding for the plaintiff on the issues made and the findings and evidence in the record." What has been said sufficiently shows that this assignment of error is not well taken.

AFFIRMED.